UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANGELA ARBUTHNOT

VERSUS

UNITED STATES OF AMERICA

CIVIL ACTION

NO. 17-1667-JWD-RLB

## RULING AND ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 16) filed by the United States. Plaintiff Angela Arbuthnot opposes the motion (Doc. 24). The United States has filed a reply. (Doc. 25). The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties, and, for the following reasons, grants the Motion to Dismiss (Doc. 16).

## BACKGROUND

This is an automobile accident case brought pursuant to the Federal Tort Claims Act ("FTCA"). Arbuthnot alleges that she was "traveling southbound on Highway 61 at the intersection of Highway 965 in St. Francisville . . . when suddenly, violently, and without warning, the vehicle operated by Rekeya L. Blackmore . . . ran the stop sign at the intersection on Highway 965 approaching Highway 61, and crashed into Angela Arbuthnot's vehicle causing serious injuries." (Doc. 1 at 3). Arbuthnot alleges that, at the time of the accident, Blackmore was employed by the United States Postal Service and was "acting within the course and scope of her employment with the United States Postal Service transporting mail at the time of the . . . collision." (Doc. 1 at 3). Rekeya Blackmore's vehicle was allegedly owned by Porsha Lane Blackmore, who is also purportedly a federal employee. (Doc. 1 at 3).

The United States files the instant motion under Federal Rule of Civil Procedure 12(b)(1) arguing that it is entitled to sovereign immunity. The Government urges that it has waived immunity only with respect to torts by employees. Further, the Government argues that, because Rekeya Blackmore and her employer, Rena Cage Stewart, are independent contractors and not government employees, the United States is entitled to sovereign immunity. Most of the Government's submissions are devoted to establishing independent contractor status.

Rather than address the merits of the United States' immunity, Arbuthnot instead argues that the motion is premature. Arbuthnot urges that the question of subject matter jurisdiction is tied to the merits, so (1) the motion to dismiss should be treated as a motion for summary judgment, and, (2) accordingly, the Court should defer ruling until Arbuthnot conducts limited discovery on whether Blackmore and Cage are in fact independent contractors. In reply, the Government maintains that the issue of independent contractor status is not tied to the merits. Rather, it is a threshold issue that can be resolved on a Rule 12(b)(1) motion with its proffered evidentiary support.

## STANDARD OF REVIEW

A federal court must dismiss any case over which it does not have subject matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The court can order dismissal for lack of subject matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). On a Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of proving that subject matter jurisdiction exists. *Id.*

**DISCUSSION**

Under the doctrine of sovereign immunity, the United States is immune from suit unless it has expressly consented to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). "The FTCA was designed primarily to remove the sovereign immunity of the United States from suits in tort." *Millbrook v. United States*, 569 U.S. 50, 52 (2013) (internal quotation marks omitted). It provides for exclusive jurisdiction in federal district courts "over claims against the United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of a federal employee acting within the scope of his office or employment." *Id.* "The FTCA, however, does not extend to acts of independent contractors." *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998). If the act over which the Arbuthnot sues was committed by an independent contractor and not a federal employee, "then the court must dismiss for lack of subject matter jurisdiction" under Federal Rule of Civil Procedure 12(b)(1). *Id.*

To determine whether an individual is a federal employee or an independent contractor, "[t]he critical factor . . . is the power of the federal government to control the detailed physical performance of the individual." *Id.* Control is not the only factor, however. The Fifth Circuit considers a number of factors set out in the Restatement (Second) of Agency, including the individual's outside work, if any; the type of occupation; the skill required; whether the employer or individual provides the instrumentalities required to do the work; the length of the relationship; and method of payment, among others. *Id.* at 276.

The Government has stridently argued that Blackmore and Cage, her employer, were independent contractors and that it did not have an employment relationship with either. Specifically, according to the Government, Contract Delivery Service ("CDS") drivers like Cage perform mail delivery services for the Postal Service in some parts of the country where

3

"contracting [is] more cost-effective, fiscally prudent, or in furtherance of promoting a more efficient distribution of the mail within various parts of the mail transportation network." (Doc. 16-1 at 4). The contractors hire their own drivers and provide their own equipment to deliver mail on specified routes. (*Id.* at 4–6). In response, Arbuthnot does not dispute these assertions. Instead, she argues that regardless of the express terms of the CDS contract, the Postal Service may have treated Cage and Blackmore as employees such that it would be liable for Blackmore's purported negligence. (*See* Doc. 24 at 6–7).

Arbuthnot's argument is akin to a request for jurisdictional discovery. District courts have broad discretion to permit jurisdictional discovery. *See, e.g.*, *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). "As the party opposing dismissal and requesting discovery, the plaintiff[] bear[s] the burden of demonstrating the necessity of discovery." *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013). Arbuthnot is not entitled to discovery "if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009). And the Court notes that the plaintiff's burden is higher where, as here, "the party seeking discovery is attempting to disprove the applicability of an immunity-derived bar to suit because immunity is intended to shield the defendant from the burdens of defending the suit, including the burdens of discovery." *Id.*

No extensive discussion on this point is warranted, as Arbuthnot's counsel conceded during a recent telephonic status conference that she could not meet her burden to demonstrate her entitlement to jurisdictional discovery. Counsel anticipated that any deposition testimony by Cage or Blackmore would be insufficient to establish an employment relationship with the Postal Service. Based on the concessions made by counsel, the Court concludes that Arbuthnot cannot meet her burden and is unable to meaningfully oppose the United States' motion to dismiss.

**CONCLUSION**

Accordingly, for the foregoing reasons, IT IS ORDERED that the motion to dismiss (Doc. 16) is GRANTED, and all claims asserted by Plaintiff Angela Arbuthnot against the United States are DISMISSED WITH PREJUDICE.

Signed in Baton Rouge, Louisiana, on December 12, 2018.

**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**